NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 14, 2010[*]
Decided April 16, 2010

**Before**

WILLIAM J. BAUER, *Circuit Judge*

RICHARD A. POSNER, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

No. 09-3369

| | |
|---|---|
| FRANCISCA V. PAIZ-VARGAS, *Petitioner,* | Petition for Review of an Order of the Board of Immigration Appeals. |
| *v.* | No. A97 589 401. |
| ERIC H. HOLDER, JR., Attorney General of the United States, *Respondent*. | |

**O R D E R**

Francisca Paiz-Vargas, a citizen of Guatemala, entered the United States without authorization in 1998 and then in 2003 applied for asylum and withholding of removal. Four unidentified men, possibly gang members, had battered and tried to rape Paiz-Vargas

---

[*]We granted the petitioner's unopposed motion to waive oral argument. Thus, the petition for review is submitted on the briefs and record. *See* FED. R. APP. P. 34(f).

on a Guatemalan street in 1995, and she allegedly fears more violence in the future. An Immigration Judge denied relief, and the Board of Immigration Appeals affirmed. Paiz-Vargas petitions for review of that decision.

The IJ concluded that Paiz-Vargas's asylum application was time-barred because she filed it outside the statutory one-year window and had not established extraordinary circumstances to excuse her tardiness. *See* 8 U.S.C. § 1158(a)(2)(B), (D); *Ishitiaq v. Holder*, 578 F.3d 712, 715 (7th Cir. 2009). The IJ also concluded that the alleged persecution and Paiz-Vargas's fear are traceable to generalized criminal activity in Guatemala, not to targeting based on a protected ground like membership in a particular social group. *See* 8 U.S.C. §§ 1101(a)(42)(A), 1231(b)(3)(A). The Board issued a decision essentially reiterating the IJ's rationale. We review the IJ's order as supplemented by the Board's reasoning. *See Juarez v. Holder*, No. 08-1788, slip op. at 7 (7th Cir. Mar. 12, 2010); *Niam v. Ashcroft*, 354 F.3d 652, 655-66 (7th Cir. 2004).

Paiz-Vargas's petition for review does not address the timeliness of her asylum application, so we evaluate only the denial of withholding of removal. She had to show either that she was persecuted on account of a protected ground, which would trigger a rebuttable presumption of future persecution, or that she more likely than not would be persecuted on account of a protected ground in the future. *See* 8 U.S.C. § 1231(b)(3)(A); 8 C.F.R. § 1208.16(b)(1), (2); *Ishitiaq*, 578 F.3d at 717. We will overturn the Board's decision only if the record compels the conclusion that Paiz-Vargas is entitled to relief. *See Ogayonne v. Mukasey*, 530 F.3d 514, 519 (7th Cir. 2008).

Paiz-Vargas argues that she was and will be persecuted for her membership in a social group comprised of "women who are victims of sex crimes." (She also tells us that she was targeted because of her Mayan ancestry, but that is a new contention that was not included in her application for relief or presented to the immigration courts.) Yet Paiz-Vargas gives us no reason to disagree with the Board's conclusions that this is not a particular social group and that Paiz-Vargas is a victim of rampant crime that affects all women in Guatemala "in a relatively undifferentiated way." *See Ahmed v. Ashcroft*, 348 F.3d 611, 619 (7th Cir. 2003); *Kharkan v. Ashcroft*, 336 F.3d 601, 605 (7th Cir. 2003).

DENIED.